Samuel Carl LONG, Appellant,

v.

STATE FARM FIRE & CASUALTY CO., and Cherokee Insurance Company, Appellees.

Court of Appeals of Tennessee, Western Section.

March 29, 1974.

Certiorari Denied by Supreme Court June 3, 1974.

Jack J. Green, Nashville, for appellant.

Joseph G. Cummings, Nashville, for appellee, Cherokee Ins. Co.

NEARN, Judge.

The Chancellor granted defendant's, Cherokee Life Insurance Company, motion for summary judgment and dismissed the suit as to Cherokee. The plaintiff has appealed from this action of the Chancellor; citing it as error.

The complaint names Cherokee and State Farm Insurance Company as defendants. The proceedings below are held in abeyance as to State Farm awaiting the outcome of this appeal.

Long filed a four count complaint against Cherokee and State Farm. In the first count it is alleged that plaintiff had two policies of fire insurance on his home which home was encumbered by a mortgage or deed of trust. That while the policies were in effect his home burned on January 22, 1971. Further, subsequent to the fire, Cherokee paid the mortgage holder the balance due on the mortgage but has failed and refused to pay the difference between the mortgage balance and the amount of the policy to plaintiff. The complaint charges that after repeated attempts to negotiate the matter, Cherokee refused to pay and on January 3, 1973, Cherokee refused to negotiate any further.

Long filed suit on January 12, 1973.

The policy of insurance provides for filing of proof of loss within sixty days from loss and that no suit against the insurer may be filed unless policy provisions are met and suit commenced within twelve months after loss.

Cherokee first answered and then filed its motion for summary judgment.

Submitted with Cherokee's motion for summary judgment was the affidavit of T. L. Hunt, adjuster for Cherokee. The affidavit is to the effect that Hunt investigated the loss of January 22, 1971, and settled the claim of the mortgagee in December, 1971. In July of 1971 he was put on notice that Melvin Butler represented Long, but that nothing further was heard from either the insured or his counsel until January 3, 1973, which was almost two years after the loss. That on December 16, 1971, Hunt had closed his file as no proof of loss had ever been filed.

No counter affidavits were filed by Long.

The Chancellor held that the policy requirements had not been met, which failure was admitted and neither by pleading nor

affidavit had anything close to a reason for failure been given, nor had any circumstances been alleged from which it could be said that Cherokee waived the policy provisions.

We would admit that if we confined our reading of the pleadings to only the first count of the complaint and the defendant's affidavit, a serious question would arise as to whether or not the plaintiff could continue to maintain his action. However, we do not feel that we are called upon to answer that question as, in our opinion, taking the entire record into consideration, especially Count IV of the complaint, the Trial Judge for reasons independent of that question was in error in granting the motion for summary judgment.

Count IV of the complaint alleges that after plaintiff's loss of his home and personal belongings by fire, he was unable to pay the monthly notes on the mortgage and defendants were well aware of that fact. That the defendants refused to settle with the mortgage holder until the property had been foreclosed. That at the foreclosure sale the lot, whereupon had been located plaintiff's home, brought the sum of $4,200.00 which was applied to the mortgage balance. Then, after the mortgage balance had been reduced by the sale of plaintiff's lot, did the defendants proceed to settle with the mortgage holder. Thereby, defendants had reduced their loss at plaintiff's expense.

Count IV charges:

"* * * that the defendants acted in concert and did fraudulently, willfully and in gross oppression and maliciousness, arbitrarily refuse to pay the mortgage and did cause the bringing about a foreclosure prior to such payment in order to cause your plaintiff to be deprived of the lot remaining after the home had burned, and to which plaintiff was enti-

tled and their conduct resulted in these defendants receiving the value of the lot to which they were not entitled."

Cherokee, in its answer, filed a one sentence denial of Count IV.

We are not here concerned with whether or not the charges contained in Count IV are true or can be proved. However, we are concerned with the plaintiff's right to attempt to prove them if he can. These charges are denied by the defendant Cherokee and are material issues of fact. We hold that fraud is never immaterial. If present, it permeates the entire transaction and once charged, contractual rights or obligations cannot be determined unless the issue of fraud is first considered.

While a charge of fraud may on occasion be the subject of summary judgment, such as those occasions where it is unequivocally shown that there is no material issue of fact because the charge is actually a sham or fraud of itself, but, in the usual case where the action is based on a complex scheme of fraud summary judgment is inappropriate. The issue of fraud, by its nature, is one which requires for determination the actual hearing and viewing of witnesses whose credibility is of paramount concern for the trier of facts. See Associated Hardware Supply Co. v. Big Wheel Distrib. Co. (3 Cir. 1966), 355 F.2d 114.

The result is that the judgment of the lower Court is reversed and the cause remanded for further proceedings not inconsistent with this Opinion.

Costs of appeal are adjudged against appellee.

CARNEY, P. J., and MATHERNE, J., concur.