Ralph PERRYMAN, Plaintiff-Appellant,

v.

**PETERBILT OF KNOXVILLE, INC.,**
**Defendant-Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

Nov. 8, 1985.

Application for Permission to Appeal
Denied by Supreme Court
Jan. 27, 1986.

Gordon Ball, Ball & Dunn, Newport, for plaintiff-appellant.

John F. Weaver, McCord, Cockrill & Weaver, Knoxville, for defendant-appellee.

OPINION

SANDERS, Judge.

The Plaintiff has appealed from a summary judgment in his suit for breach of warranty.

In November, 1982, the Plaintiff-Appellant, Ralph Perryman, who is a long-haul truck driver, purchased a used K–100, 1980 model Kenworth heavy-duty tractor from the Defendant-Appellee, Peterbilt of Knoxville, Inc., which operates a new and used truck dealership in Knoxville. The following February, while the Plaintiff was on a long-haul trip to California, the motor on the tractor failed, resulting in this litigation.

The Plaintiff filed suit against the Defendant alleging breach of both express and implied warranty and intentional or negligent fraudulent misrepresentation. He alleged Defendant expressly and impliedly, through oral representations of its agent, stated the vehicle was fit for the particular purpose of being a long-haul vehicle and represented the vehicle was merchantable. He relied upon such representations to his detriment.

The Defendant filed a motion for summary judgment. In its motion it alleged the complaint failed to state a claim upon which relief could be granted and there was no genuine issue as to any material fact and it was entitled to judgment as a matter of law. In support of its motion it filed the affidavit of its financial manager who attached to his affidavit copies of the offer to purchase containing disclaimer of warranties and a security agreement also containing disclaimer of warranties, both of which were signed by the Plaintiff.

In response to the Defendant's motion the Plaintiff filed the following affidavit by the Plaintiff: "I, Warren Ralph Perryman, was present at the defendant's facility in Knox County, Tennessee when the defendant's agent or agents made material fraudulent misrepresentations and express warranties which were not true concerning the vehicle in question.

"Further, affiant saith not."

He also filed an identical affidavit by Plaintiff's wife, Ruby Perryman.

Upon the hearing the court sustained the motion for summary judgment but granted the Plaintiff leave to file an amended complaint. As pertinent here, the Plaintiff amended his complaint to include the following allegations: "... Ronald Moles, a salesman for the defendant, told the plaintiff that the vehicle's motor had just recently been overhauled and it was completely fit for the purpose of being a long-haul tractor. When in fact this statement was not true, but became the basis for the bargain between the parties.

"The night that Ralph Perryman purchased the vehicle his wife was present and she asked Ronald Moles the following:

" 'What if something happens to the truck because we don't have enough money to fix it in the event that it does?'

"Moles replied: 'Don't tell anyone I told you, but we have to stand behind our trucks. I would never let you go into a step like this. There's no written warranty but if something happens we have to stand behind it.' "

The Defendant, for answer to the complaint as amended, relied upon the disclaimer of warranty set forth in the offer to purchase and the security agreement. It denied there had been any misrepresentation with reference to the recent overhaul of the motor of the truck. It denied it had authorized anyone to make any representation on its behalf regarding the vehicle that was outside the disclaimer of warranties. It further averred the Complainant failed to comply with Rule 9.02 and 9.07, T.R. C.P., and denied the Plaintiff was entitled to any relief. Defendant also filed another motion for summary judgment, relying upon the allegations of its first motion for summary judgment and the affidavit in support of its first motion. It also filed an affidavit of the secretary of Leaseway Transportation Corp., the company which sold the vehicle in question to the Defendant. Attached to the affidavit were the work orders pertaining to the overhaul of the engine in September, 1982.

The Plaintiff filed no response or countervailing affidavits to the motion, and it was sustained by the court.

The Plaintiff has appealed, insisting the court was in error in granting the Defendant's motion for summary judgment. We cannot agree, and affirm.

As pertinent here, the offer to purchase which was signed by the Plaintiff at the time he purchased the vehicle provides: "All equipment sold as is where is...."

\* \* \* \* \* \*

"Peterbilt of Knoxville, Inc., hereby expressly disclaims all warranties either ex-

press or implied, including all warranties of merchantability or fitness for a particular purpose, and the seller neither assumes or authorizes any other person to assume for it any liability in connection with the sale of this vehicle. Buyer shall not be entitled to recover from seller any consequential damages, damages to property, damages for loss of use, loss of time, loss of profits, or income, or any other incidental damages."

The security agreement, as pertinent here, also provides: "Seller makes no representations or warranties, express or implied, as to the quality, workmanship, design, merchantability, suitability or fitness of the collateral for any particular purpose or any other representation or warranty whatsoever, express or implied."

T.C.A. § 47–2–316, relating to the exclusion or modification of warranties under the UCC, as pertinent here, provides:

"(2) Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that 'There are not warranties which extend beyond the description on the face hereof.'

"(3) Notwithstanding subsection (2):

"(a) unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is,' 'with all faults' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty...."

The Appellant, in his brief, does not question the fact that the exclusionary provisions of the offer to purchase and the security agreement meet the requirements of T.C.A. § 47–2–316, et seq., and from our examination of the record we find the requirements of the statute have been met.

The Appellant, in his brief, argues that summary judgment is inappropriate when the complaint alleges a breach of express warranties and fraud. In support of this insistence he points to the oral statements made by Mr. Moles, the Defendant's agent, as set forth in his amended complaint.

■ Since the alleged statements of Mr. Moles are in countervention of the written disclaimer of warranties, they are in violation of the parol evidence rule and may not be considered. See T.C.A. § 47–2–202. Also, Comment 2 under T.C.A. § 47–2–316, states:

"The seller is protected under this Article [Chapter] against false allegations of oral warranties by its provisions on parol and extrinsic evidence and against unauthorized representations by the customary 'lack of authority' clauses."

The Appellant further argues that since he has alleged fraud as a basis of his claim, summary judgment is inappropriate, and relies upon the case of *Long v. State Farm Fire & Casualty*, 510 S.W.2d 517 (Tenn. App.1974) as supportive of his contention.

Our Supreme Court had occasion to address this issue in the case of *Fowler v. Happy Goodman Family*, 575 S.W.2d 496 (Tenn.1978) where there were allegations of fraud in a breach of contract case. In affirming the trial court's summary judgment decree, the Court, speaking through Justice Harbison, said:

"We recognize that where a claim of fraud is presented, ordinarily only upon a full trial of the action can the issue properly be developed. As a general rule, summary judgment is not an appropriate procedure for the disposition of such an issue. *See Long v. State Farm Fire & Casualty Co.*, 510 S.W.2d 517, 519 (Tenn. App.1974).

"Nevertheless, it is incumbent upon the party asserting fraud, when confronted by a motion for summary judgment, to produce some competent and material evidence legally sufficient to support his claim or defense. The affidavit of petitioner in the present case does not contain any evidence which would

sustain a defense of fraud in the inducement under the existing Tennessee rule referred to above."

In the case at bar the affidavits of the Appellant are in broad general terms that Defendant's agent made "material fraudulent misrepresentations and express warranties which were not true." They fail to rise to the dignity of evidence that would support Plaintiff's claim.

Finally, the Appellant says the chancellor "misconceived the nature of the Appellant's claim as being in contract only. The Appellant couched his complaint in both contract and the tort theory of fraudulent misrepresentation."

In the case of *Mid-South Milling Co., Inc. v. Loret Farms, Inc.*, 521 S.W.2d 586 (Tenn.1975) our Supreme Court had occasion to address a similar complaint by a plaintiff. In the *Mid-South* case the plaintiff alleged certain false representations concerning the quality of chicken feed it had purchased from the defendant. It alleged the defendant was negligent in mixing the food. The chickens failed to gain their normal weight and plaintiff lost money because of the breach of warranty. In its determination of the case the Court, speaking through Justice Henry, said:

"A contract may be negligently or fraudulently breached and the cause of action remain in contract rather than in tort. In the case at bar it was not active negligent performance by the defendants that resulted in damage to the plaintiffs. Rather it was the negligent breach of warranty of sale, which in effect forestalled any performance. The cases and text writers deal with the issue with varying degrees of emphasis placed on the two aspects of the question. We conclude, however, that since the adoption of the Uniform Commercial Code, there is a vast difference between a cause of action based upon negligent breach of warranty of sale of chicken feed, as distinguished, for example, from a cause of action based upon negligent performance of a contract to construct a building; the first is governed by the Code, the latter may be brought in tort.

"The plaintiffs do not sue for the price of the poultry meal. The plaintiffs sue for damages resulting from injury to personal property—their chicks which fed on the feed. Whatever may have been the former law, an action for such damages lies under the Uniform Commercial Code, particularly T.C.A. Sec. 47–2–715 where the buyer is allowed his consequential damages as result of the seller's breach of warranty of sale, which consequential damage is defined '(2) Consequential damages resulting from the sellers breach include ... (c) injury to the person or property proximately resulting from any breach of warranty.' The plaintiffs allege damages in the form of money expended due to the fact their chicks did not achieve normal growth; the injury to the chicks resulted in the damages sustained.

"We therefore conclude the gravamen of the present cause of action is breach of warranty of sale, T.C.A. secs. 47–2–313 and 47–2–314; and the damages sought are permissible under and governed by T.C.A. secs. 47–2–714 and 47–2–715. The action lies under those provisions of the Uniform Commercial Code, even though tortious breach on the part of the defendants is alleged." *Id.* 588, 599.

Under the facts in the case at bar we think it falls within the ambit of *Mid-South Milling Co., Inc.*

The issues are found in favor of the Appellee. The judgment of the trial court is affirmed and the cost of this appeal is taxed to the Appellant.

GODDARD and FRANKS, JJ., concur.