IN THE COURT OF APPEALS OF TENNESSEE

FILED

October 2, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| FIRST TENNESSEE BANK NATIONAL ASSOCIATION, | ) ) ) | C/A NO. 03A01-9503-CH-00102 KNOX COUNTY CHANCERY COURT |
| Plaintiff-Appellee, | ) ) ) ) ) ) | |
| v. | ) ) ) ) ) ) ) ) | HONORABLE SHARON BELL, CHANCELLOR |
| C. T. RESORTS COMPANY, INC., C. GARY TRIGGS and JAMES C. CHILDERS, | ) ) ) ) | |
| Defendants-Appellants. | ) | |

OPINION ON PETITION TO REHEAR

First Tennessee has filed a petition for rehearing. The petition basically argues two points: first, that the undisputed material facts show that the defendants did not timely assert their claims of misrepresentation, and hence waived them; and second, that we erred in construing the parties' "First Modification, Renewal, and Extension Agreement and Appointment of Successor Trustee."

On the waiver issue, we believe there are disputes in the record regarding the alleged misrepresentations; what the

1

defendants learned; when they learned it; what, if anything, they did with their knowledge; and possibly other factual matters related to the alleged misrepresentations. We are still "on the papers" in this case. The parties have not tried this case to the trier of fact. The facts before us on the subject of fraud are sparse. We cannot say that the facts before us conclusively show that First Tennessee is entitled to a judgment as a matter of law on the basis of waiver of the misrepresentation claims. Resolution of that issue must be made by the trial court after a hearing. We reiterate that we express no opinion as to the merits of the bank's position on the issue of waiver. The issue of fraud and issues related to it are rarely susceptible to resolution by summary judgment. *See* ***Long v. State Fire & Casualty Co***., 510 S.W.2d 517, 519 (Tenn. App. 1974).

Many of the issues that were raised by the pleadings have been resolved by our original opinion. Some issues remain. The facts of this case as to the remaining issues, including the waiver issue, must be found by the trier of fact after hearing all of the admissible evidence; only then can those issues be decided. Summary judgment is not a substitute for a trial of genuine issues of facts. *See* ***Byrd v. Hall***, 847 S.W.2d 208, 210 (Tenn. 1993) ("...[summary judgment] is clearly not designed to serve as a substitute for the trial of genuine and material factual matters.")

As to the second issue raised in the petition for rehearing, we believe we are correct in our interpretation of the release language in the parties' agreement.

2

The petition for rehearing is hereby DENIED at the cost of the appellee.

IT IS SO ORDERED.

ENTER:

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Don T. McMurray, J.

3