IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

**DONNA F. HALEY,**

     Plaintiff-Appellant,

Vs.

Shelby Circuit No. 81147-8
C.A. No. 02A01-9704-CV-00086

**AMERICAN HONDA MOTOR CO.,
INC., and COVINGTON PIKE MOTORS,
INC., d/b/a COVINGTON PIKE HONDA,
INC.,**

**FILED**

**October 29, 1997**

**Cecil Crowson, Jr.**
~~**Appellate Court Clerk**~~

     Defendants-Appellees.

FROM THE SHELBY COUNTY CIRCUIT COURT
THE HONORABLE D'ARMY BAILEY, JUDGE

Robert L. J. Spence, Jr; The Hardison Law Firm, P.C., of Memphis
For Plaintiff-Appellant

R. Dale Bay; John R. Tarpley; Susan R. High-McAuley
Lewis, King, Krieg, Waldrop & Caltron, P.C. of Nashville
For Defendants-Appellees

*AFFIRMED*

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**HOLLY KIRBY LILLARD, JUDGE**

This is a products liability case. Plaintiff Donna F. Haley appeals the order of the trial court granting summary judgment to defendants American Honda Motor Co. and Covington Pike Motors, Inc.

Plaintiff's complaint filed August 30, 1996 alleges that plaintiff sustained personal injuries in an automobile accident that occurred on June 1, 1995. She avers that at the time of the accident she was driving her 1990 Honda Accord LX automobile which she had purchased from the defendant, Covington Pike Motors, Inc., d/b/a Covington Pike Honda on November 30, 1994. She alleges that the vehicle manufactured by defendant American Honda Motor Company, Inc., and sold by defendant Covington Pike Motors, Inc., was unreasonably dangerous in that it was "defectively designed, manufactured, assembled and sold." The complaint alleges in particular that the vehicle was defectively designed because: (1) the seat belt released and permitted plaintiff to strike the steering wheel; (2) excessive slack was permitted to develop and (3) the seat belt was not adequate to provide safety support for a front-end type collision. The complaint further avers that the vehicle was unreasonably dangerous and caused injuries to plaintiff. The complaint further alleges that defendant, American Honda Motor Company, Inc., was negligent because of improper design, failure to warn, and inadequate testing of the seat belts on the vehicle.

The complaint further avers that defendant, Covington Pike Motors, Inc., was negligent by failing to warn of the defective condition and to exercise reasonable and ordinary care in the sale of the vehicle.

The complaint also alleges that both defendants breached the warranties of merchantability and fitness for a particular purpose, and that the breach of these warranties directly caused or failed to prevent injuries suffered by plaintiff.

Both defendants filed answers in response to the complaint in which they deny the material allegations of the complaint and join issue thereon. They also rely upon affirmative defenses, including the statute of limitations. Subsequently, defendants filed a joint motion to dismiss for failure to state a claim and in the alternative for summary judgment.

In support of the motion for summary judgment, defendants filed the affidavit of Covington Pike Honda's general manager, Benny Aiken. Mr. Aiken's affidavit states that the Honda automobile in question was first received new from American Honda Motor Company, Inc., and was sold as a new vehicle by Covington Pike Honda to A. Joel Henry and K. Dana Henry on January 24, 1990. Some years later, the Honda was re-acquired from another dealership and placed in the used car inventory and was sold to plaintiff on October 19, 1994.

2

The automobile was sold to plaintiff in an "as is" condition and all warranties were explicitly disclaimed by Covington Pike Honda. Copies of the sale documents were attached as exhibits to the affidavit. The retail buyers order signed by the plaintiff shows on its face in a conspicuous manner that all warranties were disclaimed, including the implied warranties of merchantability and fitness for a particular purpose. The plaintiff acknowledged such disclaimer and acknowledged that the vehicle was purchased and accepted "as is."

The only proof by plaintiff in opposition to the motions for summary judgment is the affidavit of plaintiff, which we quote:

> COMES NOW the affiant, Donna F. Haley, after being duly sworn, deposes and states as follows:
>
> 1. I am Donna F. Haley, an adult resident of Memphis, Shelby County, Tennessee.
>
> 2. I am the plaintiff in the above-styled cause of action.
>
> 3. On or about November 30, 1994, I purchased a 1990 Honda Accord LX from the defendant, Covington Pike Motors, Inc. d/b/a Covington Pike Honda, Inc. At the time I purchased this vehicle the seat belts were covered by a lifetime warranty.
>
> 4. I was involved in a motor vehicle accident while driving the 1990 Honda Accord LX, as set forth above, on or about June 1, 1995.
>
> 5. In this accident my vehicle was struck on the driver's side door and thereafter struck a pole. As a result of the injuries sustained, I was transported via ambulance to the Med where I was admitted and diagnosed as suffering from bilateral pneumothoraces. I was hospitalized at the Regional Medical Center from June 1, 1995 through June 8, 1995, and thereafter transferred for further treatment at the Baptist Hospital Central from June 8, 1995 through June 25, 1995.
>
> 6. The mechanics of how I was injured in the vehicle were not known to me at the time of the accident or at any time thereafter until August 15, 1996, when the national Highway Traffic Administration made known to the public that the seat belts my [sic] 1990 Honda Accord LX were faulty and defective.
>
> 7. When I purchased my vehicle I was not aware that the seatbelts were defective and unreasonable [sic] dangerous.

Although the trial court's order does not specify the basis for granting summary judgment, it is apparent that the summary judgment on the implied warranty claim was granted because there is no genuine issue of material fact. Summary judgment was granted on the products liability causes of action because they are barred by the statute of limitations. The only

3

issue for review is whether the trial court erred in granting summary judgment to the defendants.

Although plaintiff filed her suit more than one year after her accident and resulting injuries, she asserted in the trial court and asserts in this Court that the applicable statutes of limitation were tolled because the defendants fraudulently concealed the cause of action. Plaintiff's attorneys argued in the trial court that plaintiff saw an article in the newspaper, *USA Today*, on or about August 15, 1996, that stated that the National Highway Traffic Safety Administration may seek civil penalties against American Honda for "withholding information about potentially faulty seatbelts in 1986 - 91 cars." We mention this only by way of explanation because there is nothing in the record to support plaintiff's position other than her affidavit previously quoted.

Defendants assert that plaintiff has not properly pleaded claims for either fraud or fraudulent concealment, and in any case has offered no evidence in the record to support her theory of fraudulent concealment. Defendants argue that the seat belt either performed properly or malfunctioned at the time of the accident and that plaintiff should have known of any possible cause of action against defendants immediately. Even if she did not discover her cause of action at the time of injury, Ms. Haley had ample opportunity after the accident to inspect the seat belt and determine whether it failed or not. Defendants argue that Ms. Haley has offered no evidence that her seat belt was in any way defective, nor has she demonstrated how the defendants could have possibly concealed any defect from her.

A trial court should grant a motion for summary judgment only if the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.03; *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Dunn v. Hackett*, 833 S.W.2d 78, 80 (Tenn. App. 1992). The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Byrd*, 847 S.W.2d at 210. When a motion for summary judgment is made, the court must consider the motion in the same manner as a motion for directed verdict made at the close of the plaintiff's proof; that is, "the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Id*. at 210-11. In *Byrd*, the Tennessee Supreme Court stated:

> Once it is shown by the moving party that there is no genuine

4

> issue of material fact, the nonmoving party must then
> demonstrate, by affidavits or discovery materials, that there is a
> genuine, material fact dispute to warrant a trial. In this regard,
> Rule 56.05 provides that the nonmoving party cannot simply rely
> upon his pleadings but must set forth *specific facts* showing that
> there is a genuine issue of material fact for trial.

*Id*. at 211. (citations omitted)(emphasis in original). The summary judgment process should

only be used as a means of concluding a case when there are no genuine issues of material fact,

and the case can be resolved on the legal issues alone. *Id*. at 210 (citing *Bellamy v. Federal*

*Express Corp*., 749 S.W.2d 31, 33 (Tenn. 1988)).

## NEGLIGENCE & STRICT LIABILITY CLAIMS

Tennessee Code Annotated § 28-3-104(a)(1) provides that actions for injuries to the

person must be commenced within one (1) year after the cause of action accrues. Additionally,

T.C.A. § 29-28-103(a) provides that products liability actions involving personal injury must be

brought within the period of time specified in T.C.A. § 28-3-104. In products liability cases the

cause of action for injury to the person generally accrues on the date of the personal injury.

T.C.A. § 28-3-104(b)(1) (Supp. 1996). However, Tennessee follows the "discovery rule" in

personal injury actions which provides that:

> the cause of action accrues and the statute of limitations begins to run when the
> injury occurs or is discovered, or when in the exercise of reasonable care and
> diligence, it should have been discovered. . . . The discovery rule applies only in
> cases where the plaintiff does not discover and reasonably could not be expected
> to discover that he had a right of action.

*Potts v. Celotex Corp.*, 796 S.W.2d 678 (Tenn. 1990) (citations omitted).

Plaintiff asserts that she could not reasonably have been expected to discover that she had

a cause of action against the defendants because they "knowingly and willfully" withheld

information from the public regarding potentially defective seat belts. On the other hand,

defendants assert that plaintiff must have known at the time of the accident whether the seat belt

malfunctioned or not. Plaintiff's complaint alleges that "the seat belt released and permitted

plaintiff to strike the steering wheel of her vehicle," and that "said seat belt was further defective

in that it permitted excessive slack to develop." If those allegations are true, it is difficult to

understand how American Honda or Covington Pike Motors could possibly have concealed this

from her. Ms. Haley stated in her affidavit that:

5

> The mechanics of how I was injured in the vehicle were not known to me at the time of the accident or at any time thereafter until August 15, 1996, when the National Highway Traffic Administration made known to the public that the seat belts my [sic] 1990 Honda Accord LX were faulty and defective.

We question how learning of possible defects in Honda seat belts through a newspaper article suddenly put Ms. Haley on notice of the mechanics of how she was injured in her particular accident.

Even if we assume that the defendants' alleged failure to warn of known defects in certain seat belts amounted to fraud, crucial elements of fraudulent concealment are lacking. The Tennessee Supreme Court has held that:

> [A] plaintiff who seeks to toll a statute of limitations on the ground of fraudulent concealment must prove that the cause of action was known to and fraudulently concealed by the defendant. Knowledge on the part of the [defendant] of the facts giving rise to a cause of action is an essential element of fraudulent concealment. Concealment is also an essential element and it may consist of withholding information or making use of some device to mislead, thus involving act and intention.
> Generally, a plaintiff seeking to establish fraudulent concealment must prove that the defendant took affirmative action to conceal the cause of action and that *the plaintiff could not have discovered the cause of action despite exercising reasonable diligence.*

*Benton v. Snyder*, 825 S.W.2d 409, 414 (Tenn. 1992) (emphasis added)(citations omitted). *See also* ***Soldano v. Owens-Corning Fiberglass Corp.***, 696 S.W.2d 887 (Tenn. 1985) (stating that the statute of limitations begins to run at the time of the discovery of the fraud by the plaintiff if the plaintiff could not have discovered his cause of action despite exercising reasonable diligence).

In the case at bar, plaintiff's use of the seat belt would alert her to any defect that would allow the restraint to fail, and she was, at the very least, put on inquiry as to how she sustained her injuries. In the record before us, summary judgment on the negligence and strict liability claims was proper.

## BREACH OF WARRANTY CLAIMS

Ms. Haley's complaint alleged that both American Honda and Covington Pike Motors breached the warranties of merchantability and fitness for a particular purpose. Ms. Haley also asserts that the seat belts in her Honda were covered by a lifetime warranty, however, her

complaint contains no such allegation.[1]   The only evidence in the record to this effect is a statement by Ms. Haley in her affidavit that: "At the time I purchased this vehicle the seat belts were covered by a lifetime warranty."   From examining the transcript of the hearing on the defendants' motions, it seems that some statement in the *USA Today* article alludes to a lifetime warranty on Honda seat belts.   This article is not part of the record.   However, the record does contain  documents from Covington Pike Motors wherein Ms. Haley acknowledged by her signature that the vehicle she purchased was "as is," and that all warranties express and implied, including the implied warranties of merchantability and fitness for a particular purpose, were expressly disclaimed.   Under Tennessee law, both express and implied warranties may be disclaimed.   T.C.A. § 47-2-316 (1996).   "[U]nless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is,' . . . or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty."   T.C.A. § 47-2-316(3)(a) (1996). *See **Malone v. Moore Oldsmobile, Pontiac, GMC, Inc.**,* 1988 WL 36455 (Tenn. App. 1988). The evidence shows that Ms. Haley's signature appeared a total of eight times beneath the various disclaimer clauses in the sales contract.   When faced with a motion for summary judgment, the party opposing the motion cannot simply rely on her pleadings, but must set forth specific facts showing that there is a genuine issue of material fact for trial.   Tenn. R. Civ. P. 56.06.   When considering the evidence presented by defendants of the warranty disclaimers, Ms. Haley's uncorroborated statement in her affidavit that the seat belts came with a lifetime warranty is not a sufficient "specific fact" to create a genuine issue for trial as to the existence of any warranty.   This statement simply does not rise to the dignity of evidence that will support plaintiff's claim. *See **Perryman v. Peterbilt of Knoxville, Inc.**,* 708 S.W.2d 403, 406 (Tenn. App. 1985).

The order of the trial court granting summary judgment is affirmed.   Costs of appeal are assessed against the appellant.

---

[1]   The defendants point out that Ms. Haley raised the issue of a lifetime warranty on the seat belts on the day of the hearing on this matter.   We agree that her complaint does not properly allege a breach of a lifetime seat belt warranty, but hold that the argument is moot because even if properly alleged, Ms. Haley has offered no competent proof of such a warranty.

                                        _____
                                        W. FRANK CRAWFORD
                                        PRESIDING JUDGE, W.S.

CONCUR:


_____
ALAN E. HIGHERS, JUDGE


_____
HOLLY KIRBY LILLARD, JUDGE