IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

# K. C. LAM, D/B/A K. C. LAM AND ASSOCIATES  v. ROBERT ALLEN

**A Direct Appeal from the Circuit Court for Shelby County**
**No. 71155 T.D.      The Honorable Kay S. Robilio, Judge**

---

**No. W1999-00244-COA-R3-CV - Decided May 26, 2000**

---

This case involves allegations of fraud.  Plaintiff sued Thabet Saleh and Robert Allen to recover the amount of a loan made to Saleh as a result of misrepresentations of fact made by Saleh and Allen which induced plaintiff to make the loan.  The case was nonsuited as to Saleh when plaintiff failed to obtain service of process.  The trial court granted summary judgment to Allen, and plaintiff has appealed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

CRAWFORD, P.J., W.S., delivered the opinion of the court, in which HIGHERS, J., and FARMER, J., joined.

William G. Hardwick II, Memphis,  For Appellant

Archie Sanders, III, Memphis, For Appellee, Robert Allen

## OPINION

Plaintiff, K. C. Lam, d/b/a K. C. Lam & Associates, appeals from the order of the trial court granting summary judgment to defendant, Robert Allen.[1]  The complaint alleges that Lam loaned $26,500.00 to defendant, Saleh, and further states:

> To repay the loan, the defendant, Thabet Saleh, signed an <u>Assignment</u>
> <u>of Security Agreement and Transfer of Promissory Note Agreement</u>
> <u>as Assignor and Guarantor</u> to the plaintiff.  In this agreement, the

---

[1] The complaint names Thabet Saleh as a defendant, but when service of process was not obtained, plaintiff took a voluntary nonsuit as to this defendant.

defendant Thabet Saleh assigned a promissory note to the plaintiff for payment supposedly made to him by a Masouf Salef. A copy of this document is attached as "Exhibit A" and incorporated by reference to this complaint. The payments have not been made by the defendant Thabet Saleh and he is in default of his agreement of February 24, 1995.

The complaint further alleges that Allen, as agent of Saleh, made material misrepresentations to Lam to induce him to make the agreement described above. The list of misrepresentations are:

1. That, on February 24, 1995, Masouf Saleh owned a business in Clarksdale Mississippi, called the New One Stop Grocery, at 1405 Martin Luther King St. (formerly 4th St.), Clarksdale, Mississippi.

2. That Thabet Saleh had formerly owned the New One Stop Grocery at 1405 Martin Luther King St., Clarksdale, Mississippi and had sold it to Masouf Saleh on October 1, 1994.

3. That Masouf Saleh had bought and was the present owner of the New One Stop Grocery in Clarksdale, Mississippi, and had given in partial payment for purchase, to Thabet Saleh, a promissory note on October 1, 1994.

4. That Thabet Saleh had assigned his lease on the New One Stop Grocery in Clarksdale, Mississippi, to Masouf Saleh.

5. That the financial net worth of Thabet Saleh was $407,628.35 on February 24, 1995.

The complaint alleges that none of the above statements allegedly made by Allen were true and that Allen provided Lam with documents in support of the misrepresentations and the documents contain mis-statements and misrepresentations. Lam avers that Allen had independent knowledge that the representations that he made were not true and that the documents he provided contained untrue facts. Plaintiff further avers that Saleh has not paid the amounts due by virtue of the agreement, and that by virtue of the fraud of Allen along with that of Saleh plaintiff has suffered damages in that he has not been repaid his loan of $26,500.00. The complaint also seeks punitive

damages by virtue of the alleged fraud.

Allen's answer denies that he was at any time the agent of Saleh, denies that he made any representations to Lam concerning Saleh, denies that he furnished any documents to Lam, and generally joins issue on the material allegations of the complaint directed to him.

In support of Allen's motion for summary judgment, he relies upon his deposition. In opposition to the motion for summary judgment, Lam relies upon his affidavit and his deposition. A review of these documents, along with the complaint and answer, present a very confused and irregular set of facts. The confusion starts with the complaint where Lam alleges that he made a loan of $26,500.00 to Saleh, but the complaint does not present any evidence of indebtedness from Saleh to Lam, but refers to an agreement between Saleh and Lam concerning an "assignment" of a promissory note evidencing an indebtedness of Saleh's brother to Saleh in the principal amount of over $60,000.00. Lam's deposition testimony sheds some light on the exact nature of the transaction when he testified that he, for the sum of $26,500.00 paid to Saleh, purchased the note payable to Saleh by his brother. Thus, the real transaction is that Lam purchased a note evidencing indebtedness of over $63,000.00 for $26,500.000. The evidence presented by Lam by affidavit and deposition is to the effect that the misrepresentations set out in the complaint were made by Allen and that Allen provided him with all the documents entered as exhibits in this case. He testified that Allen was in the real estate business and on other occasions had sought funding for his clients and in all of the cases Lam had relied upon the documentation supplied by Allen. He states that Allen represented to him that he had known Saleh for a long time and that the transaction between Saleh

and his brother concerning One Stop Grocery in Clarksdale, Mississippi was authentic and that when Allen furnished him the documents concerning the Clarksdale transaction he was led to believe that the documents were authentic.

Allen, in his deposition, denied that he introduced Saleh to Lam, denied that he had any knowledge of the One Stop Grocery in Clarksdale, Mississippi, or any of the transaction dealing with that business. He denied that he knew anything about the documents concerning the One Stop Grocery. Allen admits that he obtained a credit report and a lien search concerning Saleh, but did so upon Lam's request and that he knew nothing about the transaction involving Saleh except for what he was told.

Lam further testified that he ascertained that neither Thabet Saleh nor Masouf Saleh had owned a business in Clarksdale, and that the documents purporting to represent a sale between them were false and fraudulent. He further stated that he was familiar with Robert Allen's signature, and that the signature on some of the documents purporting to be that of the lessor and the closing attorney are in his opinion in the handwriting of Robert Allen. The record does not indicate any specific reason for the trial court's grant of summary judgment. It appears to this Court, however, that plaintiff has testified concerning misrepresentations of material facts on the part of the defendant that induced him to purchase what apparently is a fraudulent and false promissory note. The defendant, Allen, on the other hand, states that he knows nothing about any of the documents or facts concerning the business transaction. Generally, summary judgment is not appropriate in cases involving allegations of fraud because there are disputes as to material facts. ***See Fowler v. Happy***

-4-

*Goodman Family*, 575 S.W.2d 496 (Tenn. 1978); *Perryman v. Peterbilt of Knoxville, Inc.*, 708 S.W.2d 403 (Tenn. Ct. App. 1985).

The requisite elements for a fraud action are:

> (1) an intentional misrepresentation with regard to material fact, (2) knowledge of the representation['s] falsity - that the representation was made "knowingly" or "without belief in its truth," or "recklessly" without regard to its truth or falsity, (3) that the plaintiff reasonably relied on the misrepresentation and suffered damage, and (4) that the misrepresentation relates to an existing or past, or, if the claim is based on promissory fraud, then the misrepresentation must "embody a promise of future action without the present intention to carry out the promise."

*Shahrdar v. Global Housing, Inc.*, 983 S.W.2d 230, 237 (Tenn. Ct. App. 1998); *Stacks v. Saunders*, 812 S.W.2d 587, 592 (Tenn. Ct. App. 1990).

In the instant case, Lam testified that Allen furnished him the documents and made statements to him that induced him to part with his money. He testified that the statements were false, and the documents were apparently false and fraudulent. Allen has denied that he had any involvement, but under these circumstances, it would appear that there are disputed material facts which in all probability will depend upon the trial court's assessment of the credibility of the witnesses.

In the record before us, it is at least not clear that summary judgment is proper in this case. In *Evco Corp. v. Ross*, 528 S.W.2d 20 (Tenn. 1975), Justice Harbison commented on the use of summary judgment:

> The summary judgment procedure was designed to provide a quick, inexpensive means of concluding cases, in whole or in part, upon issues as to which there is no dispute regarding the material facts. Where there does exist a dispute as to facts which are deemed material by the trial court, however, or where there is uncertainty as to whether there may be such a dispute, the duty of the trial court is

clear. He is to overrule any motion for summary judgment in such cases, because summary judgment proceedings are not in any sense to be viewed as a substitute for a trial of disputed factual issues.

*Id.* at 24-25.

Accordingly, the order of the trial court granting summary judgment is vacated, and this case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellee, Robert Allen.