IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 5, 2004 Session

## BLAKE BURTON and MICHAEL BURTON, v. HARDWOOD PALLETS, INC., ROBERT MCKENZIE, and EDWIN REEVES

**Direct Appeal from the Circuit Court for Hamilton County**
**No. 98-C-1394      Hon. Samuel H. Payne, Circuit Judge**

**FILED MARCH 22, 2004**

**No. E2003-01439-COA-R3-CV**

The Trial Court granted defendants Summary Judgment on claims of fraud in the inducement to contract. On appeal, we Affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Michael A. Anderson, Chattanooga, Tennessee, for Appellants.

Scott N. Brown and Neil A. Brunetz, Chattanooga, Tennessee, for Appellees.

## OPINION

In this action the Trial Court granted the defendants summary judgment on plaintiffs' claim that they were fraudulently induced to enter into a contract for the sale of their business. The Complaint filed in this case is not in the record. However, the Trial Court sets forth plaintiffs' theory of recovery in its Memorandum Opinion:

The plaintiffs' sole remaining claim before the Court as argued at the hearing on the Motion for Summary Judgment was that Robert McKenzie and Edwin Reeves agreed

orally in negotiations prior to closing to personally guaranty the debt of Hardwood Pallets, Inc., to plaintiffs and failed and refused to do so in writing at the closing.

By way of background, plaintiffs owned and operated a pallet manufacturing plant and Ed Reeves and Robert McKenzie owned Hardwood Pallets, Inc., a local competing pallet business. The parties were brought together through the efforts of Phil Bacon, a real estate broker. Over a period of weeks negotiations followed and the parties agreed that Hardwood Pallets, Inc., would purchase the assets of plaintiffs' company. The final negotiated purchase price was $2,498,920.00. Plaintiffs agreed to finance $1,000,000.00 of the deal, which was later reduced to $800,000.00.

Viewing the record in the light most favorable to the plaintiffs, they insisted upon a security interest in the collateral in return for financing a substantial part of the sale. McKenzie and Reeves represented to plaintiffs that they would personally guaranty Hardwood Pallets debt to plaintiffs.[1] Counsel for all parties were furnished with all documents prior to closing, which included the promissory note, the subordination agreement, and the asset purchase agreement. There were no personal guaranties among the documents. Plaintiffs were represented by an attorney who appeared at the closing. Plaintiffs executed the documents, but Blake Burton testified that had he known the true circumstances and import of the documents, he would have never closed the deal. He recited that defendants promised him a personal guaranty and a junior security interest in the collateral. Although he offered no specific facts that the defendants schemed to cheat him, he was of the opinion that they never intended to pay him for his company.

The detailed Asset Purchase Agreement provides in pertinent part:

On the closing date, Purchaser will execute an unsecured Promissory Note to Blake Burton, d/b/a Burton Lumber Company (a/k/a Burton Pallet Company) . . .

The Note itself provides:

This Note may not be changed orally, but only in a writing signed by the parties against whom enforcement of any waiver, change, modification or discharge as sought.

The Asset Purchase Agreement under Article 9 provides:

Integration. This Agreement constitutes the entire agreement between the parties hereto with respect to the subject matter hereof and supersedes all prior agreements and understandings.

---

[1]The affidavit of Robert McKenzie categorically denies that the events or conversation occurred as described by plaintiffs.

Summary judgment involves questions of law and appellate review is *de novo* with no presumption of correctness of the trial court's conclusions. Tenn. R. App. P. 13(d). *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). We are required to review the evidence in the light most favorable to the non-moving party and draw all legitimate inferences in its favor. *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993). A party confronted with a Motion for Summary Judgment must produce legally competent material evidence of fraud to successfully oppose the motion that would be admissible in evidence. Subjective beliefs and other non-specific information are legally insufficient to defeat a Motion for Summary Judgment. *Long v. State Farm Fire & Casualty Co.,* 510 S.W.2d 517, 519 (Tenn. Ct. App. 1974).

Promissory fraud entails misrepresentations, promises of future conduct by the promissor with no intention to perform at the time the promise is made. *Oak Ridge Precision Ind. Inc., v. First Tennessee Bank Nat's Ass'n.*, 835 S.W.2d 25 @ 29 (Tenn. Ct. App. 1992). Evidence of the lack of present intent to perform a promise in a future contract must be demonstrated by something other than a mere failure to keep the promise or the subjective impression of the promise. *Id.*

Proof of fraud in the inducement or promissory fraud is limited to subject matter which does not contradict or vary the terms that are plainly expressed in the written contract. *Airline Const. Co., v. Barr*, 807 S.W.2d 247, 259 (Tenn. Ct. App. 1990); *Lyons v. Farmers Ins. Exchange*, 26 S.W.3d 888, 891 (Tenn. Ct. App. 2000); *Eatherly v. Morc Inc.,* 585 S.W.2d 631, 636 (Tenn. Ct. App. 1979). In discussing fraudulent inducement, 37 Am.Jur.2d *Fraud and Deceit* § 242 states:

**Deception inducing action**

The tort of fraud requires proof of a successful deception and action taken by the person deceived that would not have otherwise been taken. For a party to be deceived, it must have reasonably relied on a false statement. Lack of evidence that the plaintiff relied on an alleged deception precludes a recovery for fraudulent concealment and fraudulent misrepresentation.

. . .

Thus, where false representations are made to induce another to act, and, before such other does act, he or she learns of the falsity of such representations, such person cannot rely on them believing them to be true, for knowing of their falsity, that person has not been deceived and any loss is self-inflicted.

Counsel for all parties were furnished copies of the closing documents in advance of the closing, and at the closing plaintiffs signed the documents effecting the transfer. Under the familiar rule, they are charged with knowledge of the contents of the documents they signed. Assuming, as we must, that defendants promised to give plaintiffs a personal guaranty, plaintiffs are bound to the knowledge that at the closing no personal guaranty was contained in the Contracts.

Indeed, the Contract clearly expresses that there would be no personal guaranty on the Promissory Note, and defendants claim that they were fraudulently induced to enter into the Contract of Sale is negated by this uncontradicted evidence in this record.

For the foregoing reasons, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Blake Burton and Michael Burton.

_____
HERSCHEL PICKENS FRANKS, J.