IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

_____

**STEPHEN V. LYONS,**

Plaintiff-Appellant,

Chancery No. I25499
Vs.

**FARMERS INSURANCE
EXCHANGE, ET AL,**

Defendants-Appellees.

W i l l i a m s o n

C . A .    N o .
M1999-00160-COA-R3-CV

FILED

**February 11, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

_____

FROM THE WILLIAMSON COUNTY CHANCERY COURT
THE HONORABLE CORNELIA A. CLARK, JDUGE

Cyrus L. Booker and Charlnette Richard;
Booker & Baugh of Nashville
For Appellant

Douglas R. Pierce and Alexander J. Passantino;
King & Ballow of Nashville
For Appellees

*REVERSED IN PART, AFFIRMED IN PART AND REMANDED*

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

This appeal involves an action for breach of an agency agreement between an insurance agent and an insurance company. Plaintiff, Steven V. Lyons (Lyons), appeals the order of the trial court dismissing his amended complaint against defendant, Farmers Insurance Exchange, Truck Insurance Exchange, Fire Insurance Exchange, Mid-Century Insurance Company, Farmers New World Life Insurance Company (hereinafter referred to as Farmers), and Jeff Burnside (hereinafter referred to as Burnside)[1] pursuant to Tenn.R.Civ.P. 12.02 (6), for failure to state a claim upon which relief can be granted.

The only issue on appeal is whether the trial court erred in dismissing plaintiff's complaint in *toto* for failure to state a claim upon which relief can be granted.

In reviewing an appeal from an order dismissing a suit for failure to state a claim upon which relief can be granted, we obviously are limited to the allegations in the complaint. We must construe the complaint liberally in favor of the plaintiff, taking all of the allegations of fact therein as true. ***Randolph v. Dominion Bank of Middle Tennessee***, 826 S.W.2d 477 (Tenn. Ct. App. 1991), citing ***Huckaby v. Spangler***, 521 S.W.2d 568, 571 (Tenn. 1975), appeal after remand, 563 S.W.2d 555 (Tenn. 1978). Such a motion admits the truth of all relevant and material averments contained in the complaint but asserts that such facts do not constitute a cause of action. ***Cornpropst v. Sloan***, 528 S.W.2d 188, 190 (Tenn. 1975), overruled on other grounds by ***McClung v. Delta Square Ltd. partnership***, 937 S.W.2d 891 (Tenn. 1996). The complaint should not be dismissed upon such a motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." ***Fuerst v. Methodist Hospital South***, 566 S.W.2d 847, 848 (Tenn. 1978) (quoting the United States Supreme Court in ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

With these rules in mind, we will examine Lyons's complaint. He alleges that he was appointed as an insurance agent for Farmers, signed an agent agreement, which is attached to the complaint and incorporated therein by reference. The agent agreement, as pertinent to the issues before the Court, provides:

> C. This Agreement terminates upon the death of Agent and may be terminated by either the Agent or the Companies on three (3) months written notice.
>
> If the provisions of this Agreement are breached by either the Agent or the Companies, the Agreement may be terminated by the other party on thirty (30) days written notice. This Agreement may be terminated immediately by mutual consent or by the Companies for the following

---

[1] Plaintiff voluntarily dismissed defendants, Farmers Insurance Group, Arthur Mann, Eric Loes, Edward Leon Reisinger, III, and James Justice.

reasons:

1. Embezzlement of monies belonging to the Companies.

2. Switching insurance from the Companies to another carrier.

3. Abandonment of the Agency.

4. Conviction of a felony.

5. Willful misrepresentation that is material to the operation of the Agency.

Lyons alleges that notwithstanding the language of Paragraph C, Farmers, through its authorized employee, represented to him that Farmers never exercised the three-month written notice clause and would not invoke that provision regarding Lyons. He avers that Farmers's represented to plaintiff that he would not be terminated except for one of the causes specifically stated in the agent agreement. Lyons further avers that he relied upon the representation as an inducement to move his family to Franklin, Tennessee and commence building an insurance agency. He avers that he and his two daughters, to whom he intended to transfer his insurance business pursuant to the terms of the agreement, expended considerable time, effort, and money for education and training, but that Farmers refused to allow his daughters to become affiliated with Farmers.

The complaint further avers that the defendants, beginning in December 1996, engaged in a course of action intended to damage Lyons's professional and business reputation and to remove him as an agent with Farmers. The complaint specifically alleges that Farmers caused some of Lyons's policies to be canceled, charging back commissions to Lyons. The complaint further alleges that certain policies were transferred to another agent. He avers that he was denied a trip to Mexico that he had won as being a top producer. He further avers that in September 1995, Farmers, through its employees, moved from his office furniture, files, a computer, and other material relating to an entity he had created for the purpose of brokering health insurance. He further avers that in August 1997, Farmers reassigned some of his commission policies to another agent without justification and failed to properly credit plaintiff for all of the policies that he sold. The complaint further avers that by letter dated September 22, 1997, Lyons was notified by Farmers that the agency contract was terminated effective December 30, 1997, pursuant to Section C, paragraph 1, of the agreement, and the agreement was terminated on December 30, 1997.

The complaint also avers that Farmers, through its representatives, engaged in a course of action intended to harass and emotionally injure plaintiff after the

2

termination. Specifically, the complaint avers that Lyons's customers were told that the termination was because of ethical and contractual violations, violations of state law, and that the State of Tennessee would be taking action against Lyons.

Lyons's complaint lists the first cause of action as intentional misrepresentation. He alleges that Farmers, through its employee, Mann, represented to him that they never used the three-month termination provision and would only terminate the agreement for one of the express causes stated in the agreement. He represented that the agency could be transferred to his daughters, and that Farmers knew the representations were false when they were made. The complaint avers that in reliance upon the representations and assurances, Lyons accepted the agency appointment and relocated his family to Tennessee, and that he discovered the falsity of the statement when he received the September 1997 letter stating that a termination was based upon the three-month termination provision.

Lyons's second cause of action is for negligent misrepresentation, wherein he avers that the previously stated representations and assurances were made negligently and upon which he relied to execute the agency agreement. Lyons's third cause of action is styled "breach of oral contract," wherein he avers that there was an oral agreement with Farmers whereby the parties agreed that the agency appointment would only be terminated for cause, and that based on this promise from Farmers, he accepted the appointment and relocated his family to Tennessee. He further avers:

> At the time the parties entered into said agreement, and many times thereafter, defendant, Farmers, by and through its agents, etc., expressly reaffirmed that Farmers would not terminate plaintiff's agency appointment except for one of the causes listed in the agent appointment agreement.

He further avers that Farmers breached the oral agreement causing damages as set out in the complaint.

Lyons's fourth cause of action alleges breach of a written contract, wherein he avers that the agreement was terminated without good cause in violation of the agreement, causing him damages.

In the fifth cause of action, he alleges breach of covenant of good faith and fair dealing, wherein he avers that there was an implied covenant for good faith and fair dealing wherein Farmers agreed to do nothing to impair, interfere with, hinder, or potentially injure plaintiff's right to the benefits due him and not to terminate the agreement, absent good cause.

The sixth cause of action is estoppel wherein he reiterates the initial representations previously set out which caused him to execute the agency agreement.

3

The seventh cause of action is entitled, "intentional infliction of emotional distress" wherein he avers that Farmers, through its employees, took the action previously set out with the intent and for the purpose of inflicting emotional distress upon him. As a result thereof, he suffered emotional distress necessitating medical treatment.

In his next cause of action, titled, "interference with rights of contract," he avers that Farmers, along with some of its employees, took action with the intent to and which did interfere with the rights of contract between Lyons and third parties, including Lyons's rights with policy holders and his rights with the other defendants of the Farmers group.

We note from a review of the complaint that Lyons makes no allegations concerning actions on the part of defendant, Burnside. We are unable to find any allegations setting out a cause of action against Burnside, and therefore the trial court properly dismissed the complaint in its entirety against him.

As to Lyons's complaint based upon breach of written and oral contracts, as they pertain to the alleged oral representations made to induce Lyons who entered into the agency agreement, we find that the trial court properly dismissed the complaint as to these causes of action. The agency agreement, incorporated into the complaint, is quite specific that the agreement may be cancelled by either party upon three months written notice. The provisions of the agreement says what it means and means what it says – that is, if a party wants to cancel the agreement, they can do so upon a three-month written notice, which is precisely what happened in this case. Lyons attempts to show that he was induced to sign the contract containing that express provision upon representation by Farmers, through its employee, that this contractual provision would not be used and that he could be terminated only for cause. This so-called representation is in direct contradiction to the written contract signed by the parties. As a general rule, parol evidence is not admissible to contradict, vary, or alter a written contract, when a written instrument is valid, complete, and unambiguous, absent fraud or mistake or any claim or allegations thereof. *Whelchel Company, Inc. v. Ripley Tractor Company, Inc.*, 900 S.W.2d 691 (Tenn. Ct. App. 1995); *Airline Const., Inc. v. Barr*, 807 S.W.2d 247 (Tenn. Ct. App.1990). Parol proof of inducing representations or collateral agreements to the written contract must be limited to the subject matter which does not contradict or vary the terms which are plainly expressed in the writing. *Whelchel*, at 693. The rule that a written contract must prevail over the previous or contemporaneous contradictory representations is not merely a rule of evidence, but

4

one of substantive law. ***Maddox v. Webb Const. Co***., 562 S.W.2d 198 (Tenn. 1978); ***Farmers Merchant Bank v. Petty***, 664 S.W.2d 77 (Tenn. Ct. App. 1983).

Lyons's causes of action for intentional and negligent misrepresentation must likewise fail. We reiterate what we have previously said concerning the parol evidence rule. In ***Farmers, supra,*** the co-obligor on a note was allowed to testify that he was induced to sign the note by the statement of the president of the lending bank that he would never have to pay the note. The co-obligor contended that this constituted a promissory fraud and that he should not be obligated to pay.

On appeal, this Court reversed the judgment on a jury verdict for the co-obligor. The Court said:

> Another reason why the doctrine of promissory fraud should not be applied to the present facts is that the alleged fraudulent statement expressly negated the obligation of a written instrument. In ***Fowler v. Happy Goodman Family***, [575 S.W.2d 496 (Tenn. 1978),] the alleged fraudulent statement did not contradict a written contract but related to other collateral matters between the parties. In the present case, the theory of defendant-appellee is, "I signed a written obligation to pay $35,000.00, but he told me I was not to be obligated." This would be a clear instance of parol evidence offered to contradict the sole obligation of a written contract.
>
> \*       \*       \*
>
> Granting the necessity and justice of allowing defenses based upon misrepresentations which do not contradict or change the plain terms of a written instrument, the allowance of defenses based on oral statements clearly inconsistent with the written instrument sued upon would appear to be a radical departure from long established and accepted rules of law and would defeat the very purpose of committing agreements to writing.
>
> Without doubting the veracity of the testimony of defendant-appellee, it must be recognized that one of the reasons for the parol evidence rule is to prevent fraud in presenting oral defenses to written instruments. That is, the parol evidence rule assumes that the parties deliberately chose to put their agreements in writing to avoid the uncertainties of oral evidence, including the possibility of false testimony as to oral conversations. Thus, the parol evidence rule is a "quasi-statute of frauds" which rejects evidence of any oral statement in contradiction of the terms of a written agreement.

664 S.W.2d at 81-82.

The precise allegations of the complaint with the incorporated contract are that the contract may be terminated by either party upon three months written notice and that the proper notice was given. The trial court correctly dismissed the complaint as to the actions for intentional and negligent misrepresentation.

As to Lyons's cause of action designated as estoppel, we reiterate the previous statements concerning the parol evidence rule. The party relying upon the doctrine of

equitable estoppel must show, among other things, his lack of knowledge and means of knowledge of the truth as to the facts in question. In this case, it is clear from the face of the complaint that the contract specifically provided for the three-month termination notice. Lyons, therefore, cannot prove the essential element for the doctrine of estoppel. The trial court correctly dismissed this cause of action.

Lyons's cause of action for intentional infliction of emotional distress must fail. Intentional infliction of emotional stress and outrageous conduct are simply different names for the same cause of action which has three essential elements: (1) the conduct complained of must be intentional or reckless, (2) it must be so outrageous that it is not tolerated by a civilized society, and (3) it must result in serious mental injury. *Bain v. Wells*, 936 S.W.2d 618 (Tenn. 1997). Lyons's complaint in the instant case is premised on the agency contract specifically providing for termination upon three months notice. The contract was terminated upon three months notice. Lyons also complains of certain actions on the part of Farmers as to alleged breaches of the agency agreement prior to his termination. The actionable conduct under this theory must be set out in the pleadings. *Medlin v. Allied Investment Co.*, 398 S.W.2d 270 (Tenn. 1966). The actionable conduct should be set out in the complaint describing the substance and the severity of the conduct that is allegedly outrageous. *Brazel v. Carruthers*, 863 S.W.2d 722 (Tenn. Ct. App. 1993). In the present case, the allegations in the complaint do not rise to the level of "conduct that is so outrageous that it is not tolerated by a civilized society." *Bain*, at 622. The trial court correctly found that plaintiff's complaint does not state a claim upon which relief can be granted on this cause of action.

In Lyons's cause of action for interference with rights of contract, he alleges that the defendants interfered with the rights of contract between Lyons and third parties, including the policy holders, and also Lyons's rights with the said other defendants. As to the defendants, the complaint is quite clear that there was one contract for Lyons to be the agent of the conglomerate group for the particular policies that each member of the group would provide. Each member of the group therefore was a contracting party to a contract and could not be held liable for procuring the breach. *Ladd v. Roane Hosery, Inc.*, 556 S.W.2d 758 (Tenn. 1977). As to the claim that there was an interference with the policy holders, under Tennessee law the agents of the insurer are not parties to the contract of insurance; therefore, they have no interest in the contract to enable them to maintain an action for interference or procurement of the breach. *See Willard v. Clayborne*, 419 S.W.2d 168 (Tenn. 1967). The trial court correctly

6

dismissed this cause of action for failure to state a claim upon which relief can be granted.

As to Lyons's cause of action designated "breach of covenant of good faith and fair dealings," this is not a cause of action in and of itself but as a part of a breach of contract cause of action. We note from the complaint that Lyons alleges various actions on the part of Farmers prior to the termination of the contract and also in the final disposition of the rights of the parties after termination of the contract. Giving the allegations of the complaint liberal construction as we are required to do, we find that there are allegations of breach of the agency contract which may include a breach of the implied covenant of good faith and fair dealing. These allegations for breach of contract, as we have previously noted, do not involve the alleged breach of contract in terminating the agreement.

Accordingly, the order of the trial court is reversed as to the dismissal of the complaint pertaining to the alleged breaches of the contract occurring prior to the termination of the agency agreement and the winding up of the affairs pursuant to the agreement. The order of the trial court in all other respects is affirmed. This case is remanded to the trial court for such further proceedings as are necessary. Costs of the appeal are assessed against the appellant, Stephen V. Lyons.

_____
**W. FRANK CRAWFORD, P.J., W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**

7