IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 19, 2004 Session

## JIMMIE LIPFORD, ET AL. v. FIRST FAMILY FINANCIAL SERVICES, INC., ET AL.

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9379     Jon Kerry Blackwood, Judge**

---

**No. W2003-01208-COA-R3-CV - Filed April 29, 2004**

---

Plaintiffs in this lawsuit seek damages for fraud and under the Tennessee Consumer Protection Act. The trial court excluded parol evidence and awarded Defendant summary judgment. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Andrew S. Johnston, Somerville, Tennessee and Michael D. Hickman, Mobile, Alabama, for the Appellants, Tom Brown and Ora Polk.

Leo Bearman, Jr., Eugene J. Podesta, Jr., and R. Alan Pritchard, Memphis, Tennessee, for the Appellees, First Family Financial Services, Inc., First Family Financial Services Management Corp., Associates Financial Services Company of Tennessee, Associates Investment Corporation, Associates Corp. of North America, Associates First Capital Corporation, Citigroup Inc., Citifinancial Credit Company, Stacy Powell, Lori Lax, Mary Robinson and Tammy Harper.

**OPINION**

Plaintiffs/Appellants Tom Brown (Mr. Brown) and Ora Polk (Ms. Polk; collectively, Plaintiffs) reside together. Mr. Brown has an eighth grade education and cannot read. Ms. Polk has a ninth grade education. This dispute arises from a consumer loan initially made by First Family Financial Services, Inc. ("First Family") to Plaintiffs in April 1996, and refinanced three times from April 1996 through September 1998.

In April 2001, Plaintiffs filed a complaint in the Circuit Court of Hardeman County, naming as defendants First Family Financial Services, Inc., First Family Financial Services Management

Corp., Associates Financial Services Company of Tennessee, Associates Investment Corporation, Associates Corp. of North America, Associates First Capital Corporation, American Security Insurance Company, Union Security Life Insurance Company, Citigroup Inc., Citifinancial Credit Company, and Stacy Powell (Ms. Powell), Lori Lax (Ms. Lax), Mary Robinson (Ms. Robinson), and Tammy Harper (Ms. Harper).[1] American Security Insurance Company and Union Security Insurance Company were dismissed as Defendants as voluntarily non-suited (hereinafter, all remaining Defendants will be referred to, collectively, as "First Family").

In their complaint, Plaintiffs allege First Family's employee, Ms. Lax, fraudulently induced them to purchase credit life insurance and property insurance when their existing loan was refinanced. They further allege Ms. Lax fraudulently told them life and property insurance were required for the loans, and that Ms. Lax "arbitrarily inflated" the value of the property financed by the loan in order to receive a higher commission on the sale of the insurance products. Plaintiffs also contend that when the loans were closed, Ms. Lax placed her hand over the portion of the loan agreement that provides, "[c]redit life insurance, credit disability insurance and involuntary unemployment insurance (IUI) are not required to obtain this loan." Plaintiffs assert they did not want First Family's insurance products, and that they would not have purchased them absent Ms. Lax's statements that the insurance was required to receive the loans.

Plaintiffs submit their action is a combination contract, tort, and statutory action brought under Tennessee law. They allege intentional and negligent misrepresentation and/or fraud; misrepresentation by concealment and fraud; negligent misrepresentation; violation of the Tennessee Consumer Protection Act; negligence and/or gross negligence; negligent, gross negligent, reckless supervision and training; and civil conspiracy. Plaintiffs pray for compensatory and punitive damages, damages pursuant to the Tennessee Consumer Protection Act, and a permanent injunction prohibiting Defendants from engaging in the improper conduct alleged by Plaintiffs.

First Family answered in February 2002, denying the allegations and averring the claims were barred by the parol evidence rule and by Plaintiffs' failure to read the loan documents. In December 2002, First Family moved for summary judgment, asserting there were no issues of material fact in dispute, and that the parol evidence rule precluded Plaintiffs from contradicting the written terms of the loan documents through evidence of alleged oral representations by Ms. Lax. The trial court awarded First Family summary judgment in April 2003, and Plaintiffs filed a timely notice of appeal to this Court.

### Issues Presented

Plaintiffs raise the following issues for review by this Court:

---

[1] Ten Plaintiffs, Jimmie Lipford, Judy Lipford, Lelsa Parks, Fonda Moody, Denice Parks, Tom Brown, Ora Parks, Thomas Pittman, Daphne Pittman, and Fannie Sain, filed the original complaint in April 2001. In March 2002, the trial court granted Defendants motion to sever the claims. Thus the only parties now before this Court as Plaintiffs are Tom Brown and Ora Polk.

(1)     Whether the trial court erred in determining that summary judgment was appropriate regarding the Plaintiffs' Tennessee Consumer Protection Act claims.

(2)     Whether the trial court erred in determining that the parol evidence rule barred Plaintiffs' fraudulent misrepresentation claims.

(3)     Whether, as a matter of law, a Plaintiff cannot rely on an oral misrepresentation that contradicts the terms of a contract signed by the Plaintiff.

### Standard of Review

Summary judgment is appropriate only when the moving party can demonstrate that there are no disputed issues of material fact, and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party moving for summary judgment must affirmatively negate an essential element of the nonmoving party's claim, or conclusively establish an affirmative defense. *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998).

When a party makes a properly supported motion for summary judgment, the burden shifts to the nonmoving party to establish the existence of disputed material facts. *Id.* A mere assertion that the nonmoving party has no evidence does not suffice to entitle the moving party to summary judgment. *Id.* In determining whether to award summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Staples v. CBL & Assocs.*, 15 S.W.3d 83, 89 (Tenn. 2000). The court should award summary judgment only when a reasonable person could reach only one conclusion based on the facts and the inferences drawn from those facts. *Id.* Summary judgment is not appropriate if there is any doubt about whether a genuine issue of material fact exists. *McCarley*, 960 S.W.2d at 588. We review an award of summary judgment *de novo*, with no presumption of correctness afforded to the trial court. *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002).

### Analysis

The pivotal issue before this Court, as we perceive it, is whether, in a cause of action brought pursuant to the Tennessee Consumer Protection Act and alleging fraud, parol evidence is admissible to show a seller fraudulently induced a buyer into purchasing an additional, unwanted product, where the terms of the contract expressly state that the purchase of that product is not required. First Family relies on *Lyons v. Farmers Insurance Exchange*, 26 S.W.3d 888 (Tenn. Ct. App. 2000), and *Farmers & Merchants Bank v. Petty*, 664 S.W.2d 77 (Tenn. Ct. App. 1983), for the proposition that the parol evidence rule applies in this case to bar proof of oral representations which contradict the terms of the written loan agreement. Plaintiffs, on the other hand, rely on *Brungard v. Caprice*

*Records*, 608 S.W.2d 585 (Tenn. Ct. App. 1980), and *Steed Realty v. Oveisi, Wardlow & Wolfe*, 823 S.W.2d 195 (Tenn. Ct. App. 1991), in support of their assertion that the parol evidence rule does not apply to a tort case involving fraudulent misrepresentation that induces a contract. We agree with Plaintiffs that the parol evidence rule does not bar the admission of oral evidence in this case.

The parol evidence rule serves to secure the integrity of contracts and to guard against fraud by a party who agrees to the unambiguous terms of a written agreement and then seeks to disavow those terms through extrinsic evidence. 32A C.J.S. Evidence § 1132, § 1159 (1996); *see Tidwell v. Morgan Bldg. Sys.*, Inc., 840 S.W.2d 373, 376 (Tenn. Ct. App. 1992). Accordingly, as First Family asserts, courts do not permit parties to alter or contradict unambiguous contractual terms through the use of extrinsic or parol (oral) evidence. *Id.* However, application of the parol evidence rule includes many exceptions. 32A C.J.S. Evidence § 1194 (1996); *see Huffine v. Riadon*, 541 S.W.2d 414 (Tenn. 1976). One such exception is that extrinsic evidence is admissible to show fraud. *See id.* When parol evidence is offered not to vary or disavow the terms of the contract, but to show an alleged fraud or mistake, this Court is hesitant to exclude the evidence. *See Maxwell v. Land Dev., Inc.*, 485 S.W.2d 869, 877 (Tenn. Ct. App.1972); *Rentenbach Eng'g Co. v. General Realty, Ltd.*, 707 S.W.2d 524, 527 (Tenn. Ct. App.1985); *Decatur County Bank v. Duck*, 926 S.W.2d 393, 397 (Tenn. Ct. App.1997). Thus, the parol evidence rule has been considerably relaxed by the courts "in order that fraud may be thwarted, mistakes corrected, accidents relieved against, trusts set up and enforced, and usury exposed and eliminated." *Textron Fin. Corp. v. Powell*, No. M2001-02588-COA-R3-CV, 2002 WL 31249913, at *5 (Tenn. Ct. App. Oct. 8, 2002)(*no perm. app. filed*)(quoting *Gibson's Suits in Chancery*, § 189 (William H. Inman ed., 6th ed.1982)).

The parol evidence rule is applicable to suits on a contract where a party seeks to disavow the explicit terms of the contract. *Brungard v. Caprice Records, Inc*., 608 S.W.2d 585, 588 (Tenn. Ct. App. 1980). *Lyons v. Farmers Insurance*, 26 S.W.3d 888, 889 (Tenn. Ct. App. 2000), for example, was a breach of contract action brought by an insurance agent against an insurance company. The plaintiff in *Lyons* sought to introduce parol evidence to prove the defendant had breached alleged oral contract terms which expressly contradicted the terms of the parties' written agency agreement. *Lyons*, 26 S.W.3d at 892. In *Lyons*, we held that in accordance with the parol evidence rule, the plaintiff could not rely upon parol evidence to support the breach of contract claim. *Id.*

Similarly, *Farmers & Merchants Bank v. Petty*, 664 S.W.2d 77 (Tenn. Ct. App. 1983), was a case in which a debtor sought to avoid the terms of a written loan agreement by asserting the president of the lending institution had stated that the note would not have to be paid. On appeal by Farmers and Merchants Bank, this Court framed the pertinent issue as "[w]here the payee of a note obtains the signature of a maker of the note by a promise that the maker will never be required to pay the note, does this constitute a fraud by which the maker may successfully defend a suit on the note?" *Farmers & Merchants Bank*, 664 S.W.2d at 79. We noted that "in order for a fraudulent misrepresentation to be actionable, it must consist of a statement of an existing or past material fact, made with knowledge of its falsity or with reckless disregard of the truth." *Id.* at 80 (quoting *Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 499 (Tenn. 1978)). In *Farmers & Merchants Bank*,

we determined that the evidence, consisting only of the debtor's affidavit, was not sufficient to establish fraudulent inducement. *Id.* We observed that the "promise" was "I guarantee that you will never have to pay," and that it was made in light of the circumstances surrounding the loan transaction. *Id.* at 81. We determined, "[t]his was not equivalent to a promise that the bank would never prosecute a suit against appellee." *Id.*

In *Farmers & Merchants Bank*, we considered the parol evidence rule in the context of whether that case was a suitable one for adoption, as the appellee urged, of a rule of promissory fraud. In determining it was not, we noted that the appellee's assertion basically was "I signed a written obligation to pay $35,000, but he told me I was not to be obligated." *Id.* Thus, the appellee in *Farmer & Merchants Bank* sought to disavow the entire contractual obligation based on parol evidence. We noted, moreover, that the parol evidence rule is a "quasi statute of frauds" by which a party to a contract cannot seek to alter written contractual terms based on parol evidence. *Id.* at 82.

As the concurring opinion in *Farmers & Merchants Bank* observed, the doctrine of promissory fraud was adopted by this Court in *Brungard v. Caprice Records*, 608 S.W.2d 585 (Tenn. Ct. App. 1995), and by implication by the Tennessee Supreme Court by denial of permission to appeal. *Id.* (Conner, J., concurring). Moreover, as Judge Conner noted, the parol evidence rule would bar admission of oral evidence on the original contract claim, but would not be applicable to the counter-claim sounding in tort. *Id.* at 83. The parol evidence rule "has no application to a case involving a fraudulent misrepresentation which induces the execution of a contract." *Id.* at 83-84 (quoting *Haynes v. Cumberland Builders*, 546 S.W.2d 228, 231 (Tenn. Ct. App. 1976)).

The parol evidence rule bars admission of oral evidence to contradict or disavow the terms of a written contract. The rule simply does not apply to claims of fraudulent misrepresentation inducing a contract. *Brungard*, 608 S.W.2d at 588. In the case before us, Plaintiffs do not contend that the terms of their loan agreement are or should be other than those expressed by the written terms of their contract with First Family. Rather, Plaintiffs assert that the requirements should be those as written in the loan agreement, and that they were fraudulently induced into purchasing unwanted products by fraudulent oral misrepresentations made by Ms. Lax. Thus, in this case, the written loan contract is proof that, if Ms. Lax made the oral representations as alleged, those representations were false. In essence, Plaintiffs here seek to enforce, not contradict, the written terms of the loan agreement, which state that life insurance is not required, and that property insurance may be obtained through "anyone you want, provided the insurance carrier is acceptable to Creditor."

This lawsuit simply is not a contract claim wherein Plaintiffs seek to disavow their written contractual obligations. Rather, it is a tort action based on allegations of fraud and violations of the Tennessee Consumer Protection Act. The parol evidence rule, therefore, is not applicable in this case to bar admission of oral evidence. Having reviewed the entire record in this cause, we find a genuine issue of material fact exists regarding whether Plaintiffs were fraudulently induced into

purchasing insurance products in violation of Tennessee law, including the Tennessee Consumer Protection Act.

### *Holding*

In light of the foregoing, we reverse summary judgment in favor of the Defendants. This cause is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to the Defendants/Appellees, First Family Financial Services, Inc., First Family Financial Services Management Corp., Associates Financial Services Company of Tennessee, Associates Investment Corporation, Associates Corp. of North America, Associates First Capital Corporation, Citigroup Inc., Citifinancial Credit Company, Stacy Powell, Lori Lax, Mary Robinson and Tammy Harper.

_____

DAVID R. FARMER, JUDGE