IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 6, 2020 Session

## FEDERAL NATIONAL MORTGAGE ASSOCIATION v. FASIL KEBEDE

Appeal from the Circuit Court for Shelby County
No. CT-004033-18  Yolanda R. Kight, Judge
_____

### No. W2019-00227-COA-R3-CV
_____

The transferee of real property following a foreclosure sale filed a forcible entry and detainer action against the occupier. After the transferee prevailed in the general sessions court, the occupier appealed to circuit court. The transferee then filed a motion for summary judgment, which the trial court granted. Because the undisputed facts demonstrate that the transferee is entitled to judgment as a matter of law, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN, and CARMA DENNIS MCGEE, JJ., joined.

Paul A. Robinson, Jr., Memphis, Tennessee, for the appellant, Fasil Kebede.

H. Keith Morrison, Fayetteville, Arkansas, and Jerry D. Morgan, Brentwood, Tennessee, for the appellee, Federal National Mortgage Association.

### MEMORANDUM OPINION[1]

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## FACTUAL AND PROCEDURAL HISTORY

This case was decided on summary judgment; as such, we take the following facts from the undisputed material facts found by the trial court. In 2008, Petitioner/Appellant Fasil Kebede ("Mr. Kebede") executed a promissory note and a deed of trust on the property at issue ("the Forest Glade property" or "the subject property"). On June 2, 2011, the deed of trust was assigned to SunTrust Mortgage, Inc. ("SunTrust"). Mr. Kebede stopped making payments on the promissory note at least by July 2011. He then attempted to avoid foreclosure by filing a complaint against SunTrust ("*Kebede I*") in the Shelby County Chancery Court ("the chancery court") on July 14, 2011, alleging multiple claims, including breach of contract.

SunTrust removed *Kebede I* to the United States District Court for the Western District of Tennessee ("the district court") on August 15, 2011. The district court granted SunTrust's motion to dismiss *Kebede I* on December 30, 2014. Mr. Kebede appealed the dismissal to the Sixth Circuit Court of Appeals, which affirmed the decision of the district court on September 2, 2015.

In March 2016, Mr. Kebede filed a new complaint in the chancery court ("*Kebede II*") seeking to enjoin the foreclosure sale. *Kebede II* was also removed to the district court, on April 7, 2016. The district court granted SunTrust's motion to dismiss on September 27, 2016. Thereafter, SunTrust conducted a foreclosure sale on the Forest Glade property through its trustee on February 9, 2017. SunTrust was the highest bidder for the subject property, with a successful bid of $602,500.00.

On February 21, 2017, a Substitute Trustee's Deed was recorded in the office of the Shelby County Register of Deeds, which noted that SunTrust purchased the subject property at the foreclosure sale, but then conveyed its interest to Federal National Mortgage Association ("Fannie Mae"). Mr. Kebede then filed a third action against both SunTrust and Fannie Mae, in the chancery court ("*Kebede III*") on May 5, 2017, seeking to set aside the foreclosure sale. Again, the case was removed to the district court. On June 11, 2018, the district court granted SunTrust and Fannie Mae's motions for sanctions and to dismiss, finding no irregularities in the foreclosure sale and declining to restrain Fannie Mae from conducting detainer proceedings.

In the meantime, on or about May 2017, Fannie Mae commenced a forcible entry and detainer action ("detainer action") against Mr. Kebede in the Shelby County General Sessions Court ("the general sessions court"). Judgment was entered in favor of Fannie Mae, and a detainer warrant was issued on August 20, 2018. Mr. Kebede appealed to the Circuit Court of Shelby County ("the trial court").

On October 25, 2018, Fannie Mae filed a motion for summary judgment, statement of undisputed material facts, and a memorandum in the trial court. Attached to the

statement of undisputed materials facts were a number of documents, including the Deed of Trust signed by Mr. Kebede, the corporate assignment of the deed of trust, the district court's orders in **Kebede I**, **II**, and **III**, the Sixth Circuit Court of Appeals opinion affirming **Kebede I**, and a Substitute Trustee's Deed indicating that Mr. Kebede defaulted on the indebtedness on the Deed of Trust, that a foreclosure sale occurred, and that SunTrust's interest in the property was sold and assigned to Fannie Mae.

Mr. Kebede filed a response to Fannie Mae's motion for summary judgment on December 11, 2018. Therein, Mr. Kebede stated that Fannie Mae's statement of undisputed material facts "did not include" certain additional facts concerning Mr. Kebede's offer to buy the subject property for more than the original note, and his attempts to meet Fannie Mae's demands by obtaining proof of funds and a financing letter.[2] Mr. Kebede supported one of the four additional facts with a general citation to an attachment. Attached to the motion was correspondence from August 2018 concerning purchasing the home and an August 15, 2018 letter from a mortgage company stating that the applicant met the financial requirements for a $610,000.00 loan;[3] the letter noted, however, that it did not constitute final approval of a loan.

Fannie Mae replied to Mr. Kebede's response on December 18, 2018. Therein, Fannie Mae asserted that Mr. Kebede essentially admitted its statement of undisputed facts by not disputing them. With regard to the additional facts Mr. Kebede attempted to introduce, Fannie Mae argued that he actually failed to "set forth any facts as directed by Rule 56.03," because the facts alleged by Mr. Kebede were not accompanied by specific citations to the record supporting the contention, as required by the rule. Without such citation, Fannie Mae argued that Mr. Kebede's response "is nothing more than denials or allegations" and that Mr. Kebede could not defeat summary judgment by reliance thereon. Further, Fannie Mae argued that Mr. Kebede's claim of a breach of the covenant of good faith and fair dealing failed, as Fannie Mae was never a party to any contract with Mr. Kebede. Additionally, Fannie Mae noted that "[e]very court that reviewed [Mr. Kebede's]

---

[2] Specifically, Mr. Kebede alleged the following additional facts:

1. [Mr.] Kebede has offered to buy and been attempting to purchase his home . . . from the Plaintiff.
2. [Mr.] Kebede has offered more than the original note amount of $417,000.00, which amount is inclusive of, and adequate to reimburse, the Plaintiff's costs and expenses.
3. [Mr.] Kebede has offered to pay $610,000.00 for his home . . . which amount is inclusive of, and would reimburse, the Plaintiff's costs and expenses.
4. [Mr.] Kebede has done everything that the Plaintiff requested including showing evidence of proof of funds and obtaining a financing letter. (Attached).

[3]The name of the applicant was not Mr. Kebede, but Messeret Terzneh. The record on appeal is not clear as to identity of this individual, but Mr. Kebede asserts in his brief that this document indicates his ability to pay off the note.

loan and allegations found that it was [Mr. Kebede] who failed to meet his contractual obligations."

A hearing on the motion for summary judgment occurred on January 7, 2019. The trial court then entered a written order granting the motion on January 18, 2019. Therein, the trial court stated the facts as only those contained in Fannie Mae's statement of undisputed facts. Based on these facts, the trial court ruled that there was no genuine issue of material fact in dispute, that the foreclosure was valid, that the Substitute Trustee's Deed granted title to Fannie Mae, and that Mr. Kebede was unlawfully in possession of the property. The trial court found that Mr. Kebede's claims were either insufficient to defeat summary judgment or barred by res judicata. As such, the trial court issued a writ of possession in favor of Fannie Mae and directed the Shelby County Sheriff to execute the writ. Mr. Kebede filed a notice of appeal to this Court on February 6, 2019.[4]

## ISSUES PRESENTED

Mr. Kebede raises the following issues, which are slightly restated:

1. Whether the trial court erred in dismissing Mr. Kebede's claim for breach of the covenant of good faith and fair dealing.

2. Whether the trial court erred in disregarding Mr. Kebede's offer to pay off the note secured by the deed of trust.

3. Whether a constructive trust should be imposed as to Fannie Mae's third-party purchaser.

## STANDARD OF REVIEW

The trial court resolved the underlying action by way of summary judgment. Summary judgment is appropriate "when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (quoting Tenn. R. Civ. P. 56.04). The trial court's decision to grant or deny a motion for summary judgment is reviewed de novo with no presumption of correctness. *Id.* "In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* (citing *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013)).

## DISCUSSION

---

[4] Following the final judgment, considerable disputes arose as to the record and the bond required to stay the judgment. None of these issues appear to be relevant to the issues raised in this appeal.

This case has as its genesis a claim for possession based upon a detainer warrant. "[T]he gravamen of a detainer action is the wrongful detaining of realty . . . ." ***Craig v. Collins***, 524 S.W.2d 947, 951 (Tenn. Ct. App. 1974). A detainer action therefore turns on whether the plaintiff has "the right to possession" of the real property at issue. ***CitiFinancial Mortg. Co. v. Beasley***, No. W2006-00386-COA-R3-CV, 2007 WL 77289, at *6 (Tenn. Ct. App. Jan. 11, 2007) ("FED [i.e., forcible entry and detainer] actions concern only the right to possession."). Here, Fannie Mae's statement of undisputed facts demonstrated the following: (1) following non-payment on the deed of trust, Mr. Kebede initiated two different actions attempting to avoid foreclosure proceedings; both attempts were dismissed; (2) a foreclosure sale occurred and a Substitute Trustee's Deed was filed showing that the property was purchased by Fannie Mae; (3) a third case was filed by Mr. Kebede to set aside the foreclosure that was again unsuccessful, as the district court found no irregularities in the foreclosure sale; and (4) Mr. Kebede remains in possession of the property.

Nothing in Mr. Kebede's response to the motion for summary judgment or in his brief on appeal indicates that Mr. Kebede disputed a single fact set forth by Fannie Mae. These facts were therefore admitted. *See* ***Holland v. Memphis***, 125 S.W.3d 425, 428 (Tenn. Ct. App. 2003) ("The material facts set forth in the statement of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party."). Under these circumstances, we agree with the trial court that the undisputed facts set forth above demonstrate that Fannie Mae is entitled to possession of the property.

Mr. Kebede argues, however, that that the trial court erred in failing to properly and thoroughly consider his argument that Fannie Mae was not entitled to possession due to a breach of the covenant of good faith and fair dealing and his offer to pay off the note in question.[5] In support, Mr. Kebede cites his additional factual allegations concerning his attempt to purchase the property from Fannie Mae in or around August 2018. We must therefore first determine whether these additional facts are a proper matter for consideration.

The practice of summary judgment is defined by Rule 56.03 of the Tennessee Rules of Civil Procedure. In addition to disputing the facts set forth by the movant,[6] the non-

---

[5] Although Mr. Kebede raises these arguments separately in his designated issues, it appears that Mr. Kebede contends that Fannie Mae breached its duty by failing to respond to Mr. Kebede's offer to pay off the property. For example, Mr. Kebede asserts that "it is a violation of the covenant of good faith and fair dealing for Fannie Mae to refuse to accept the pay off." As such, we will likewise consider these arguments together.

[6] Specifically, Rule 56.03 provides that when the moving party files a properly supported motion for summary judgment, the party opposing the motion "must" then file a response choosing one of the following three options: (1) agree that the fact is undisputed; (2) agree that the fact is undisputed for purposes of summary judgment; or (3) "demonstrate[e] that the fact is disputed. Each disputed fact must be

moving party may also set forth its own "concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried." *Id.* Of course, "[e]ach such disputed fact shall be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute." *Id.*

Fannie Mae asserted at the trial level that Mr. Kebede's additional facts should not be considered because he did not support each additional fact with a citation to the record supporting the contention. Fannie Mae therefore asserted that Mr. Kebede failed to offer "any proof at all" to support the additional facts upon which his defense to summary judgment rested. The trial court in this case made no specific ruling as to Mr. Kebede's additional facts except to state that there were no material facts in dispute. The trial court then relied exclusively on the undisputed facts and documents set forth by Fannie Mae. Likewise, the trial court offered no more reasoning for rejecting Mr. Kebede's arguments than the conclusion that "the arguments and allegations made by [Mr. Kebede] in opposition to the summary judgment are either barred by res judicata or are otherwise insufficient to defeat summary judgment for [Fannie Mae]."

Respectfully, the trial court's ruling is deficient. Rule 56.04 of the Tennessee Rules of Civil Procedure provides that trial courts "shall state the legal grounds upon which the court denies or grants the motion [for summary judgment.]" The Tennessee Supreme Court has held that this directive is mandatory and requires that trial courts ensure that their rulings are adequately explained. *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 313–14 (Tenn. 2014). The trial court's order veers very close to shirking this responsibility, as it provides no reasoning for the trial court's decision to ignore Mr. Kebede's additional facts[7] or for its decision that his arguments were either barred by an affirmative defense that had not yet been pleaded or were in some way insufficient. We note, however, that disputes concerning this property have been fought in a multitude of cases over nearly a decade. As such, we will proceed to consider the merits of Mr. Kebede's arguments in order not to prolong this already protracted dispute.

Here, as we perceive it, the thrust of Mr. Kebede's response to summary judgment and his argument on appeal is that Fannie Mae breached the duty of good faith and fair dealing by refusing to properly entertain his offer to purchase the property. Even considering Mr. Kebede's facts as properly supported under Rule 56.03 and therefore undisputed,[8] we cannot conclude that these facts allow Mr. Kebede to avoid Fannie Mae's

---

supported by specific citation to the record." Tenn. R. Civ. P. 56.03. As previously discussed, Mr. Kebede chose none of this options and Fannie Mae's facts are therefore deemed admitted.

[7] If the trial court had determined that Mr. Kebede failed to comply with Rule 56.03 and refused to consider his additional facts, that decision would be reviewed for an abuse of discretion. *See Owens v. Bristol Motor Speedway, Inc.*, 77 S.W.3d 771, 774 (Tenn. Ct. App. 2001).

[8] We again note that although the letter provided by Mr. Kebede indicated that only a third-party was eligible to receive a loan in the amount of $610,000.00. Fannie Mae, however, did not specifically

effort to possess the subject property.

First, as previously discussed, this case involves only possession of the property in question. **Beasley**, 2007 WL 77289, at *6. In a proper case, however, "'wrongful foreclosure can be raised as an affirmative defense to an unlawful detainer action brought by the purchaser of property in foreclosure.'" **Boyce v. LPP Mortg. Ltd.**, 435 S.W.3d 758, 766 (Tenn. Ct. App. 2013) (quoting **Davis v. Williams**, E2010-01139-COA-R3-CV, 2011 WL 335069, at *4 (Tenn. Ct. App. Jan. 31, 2011)). We cannot conclude, however, that Mr. Kebede's facts demonstrate anything near wrongful foreclosure. Instead, Mr. Kebede submits documents that show that he offered to purchase the property from Fannie Mae in or around August 2018. The foreclosure at issue occurred more than a year earlier, in February 2017. Mr. Kebede offers no legal authority to suggest that Fannie Mae's alleged misconduct over a year following the foreclosure sale in any way voids the foreclosure or prevents Fannie Mae from seeking possession of the subject property at this time. Indeed, the only case cited by Mr. Kebede to support this argument involved alleged pre-foreclosure misconduct on the part of the homeowner's lender, not a party that was simply conveyed the property by the purchaser following the foreclosure sale. *See generally* **Kinard v. Nationstar Mortg. LLC**, 572 S.W.3d 197 (Tenn. Ct. App. 2018) (involving a claim to enjoin a future foreclosure action on the basis that that the mortgage holder failed to provide the debtor with information concerning payoff). The facts presented by Mr. Kebede are simply not analogous.

Even more importantly, a claim for breach of the covenant of good faith and fair dealing hinges on the existence of a contract between the parties. As we have explained,

> [A] claim based on the implied covenant of good faith and fair dealing is not a stand alone claim; rather, it is part of an overall breach of contract claim. **Lyons v. Farmers Ins. Exch.**, 26 S.W.3d 888, 894 (Tenn. Ct. App. 2000). While every contract contains an implied covenant of good faith and fair dealing, **Goot v. Metro. Gov't of Nashville & Davidson County**, No. M2003-02013-COA-R3-CV, 2005 WL 3031638, at *7 (Tenn. Ct. App. Nov. 9, 2005) (citations omitted), there must be a contract to contain the covenant.

**Jones v. LeMoyne-Owen Coll.**, 308 S.W.3d 894, 907 (Tenn. Ct. App. 2009). Here, none of the additional facts set forth by Mr. Kebede or the documents he relies on indicate that there was ever a contract between Mr. Kebede and Fannie Mae.[9] Indeed, Fannie Mae's

---

dispute Mr. Kebede's assertion that the letter was proof of his ability to pay off the note on the subject property. Instead, as previously discussed, Fannie Mae asserted that none of the additional facts should be considered due to Mr. Kebede's non-compliance with Rule 56.03. Because we conclude that even taking Mr. Kebede's assertions as true, he is not entitled to relief, we need not determine whether Mr. Kebede provided sufficient factual support for this particular assertion.

[9] Mr. Kebede also did not assert, nor did he provide any legal authority, for the notion that Fannie Mae was somehow bound by any contract between Mr. Kebede and another party.

statement of undisputed facts establishes that Fannie Mae was merely the transferee of the property by the property's purchaser following the foreclosure sale. Because Mr. Kebede failed to set forth specific facts showing an essential element of his defense, i.e., the existence of a contract, the trial court did not err in ruling that he could not prevail on his claim for a breach of the duty of good faith and fair dealing related to his offer to purchase the subject property.

In sum, following our de novo review of the record, we conclude Mr. Kebede failed to set forth specific facts to support his claim for a breach of the covenant of good faith and fair dealing based on Fannie Mae's alleged failure to respond to Mr. Kebede's offer to pay off the note in question. Because Mr. Kebede's request for a constructive trust is predicated on his claim for a breach of the covenant of good faith and fair dealing on this basis,[10] he is also not entitled to a constructive trust in his favor against the third-party purchaser of the property. Moreover, the undisputed material facts demonstrate that Fannie Mae is entitled to summary judgment on its claim of possession to the subject property. The trial court's decision is therefore affirmed in its entirety.

## CONCLUSION

The judgment of the Shelby County Circuit Court is affirmed and this cause is remanded for all further proceedings as are necessary and consistent with this Opinion. Costs of this appeal are taxed to Appellant Fasil Kebede, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[10] For example, Mr. Kebede asserts in his brief that the basis for his constructive trust argument is that "[t]hrough the breach of covenant by Fannie Mae [the third-party purchaser] has obtained an interest in property which he ought not in equity or good conscience retain. His windfall arises out of the breach of covenant by Fannie Mae . . . ."